**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION**

DAVID WILLIAMS,
ADC #78730                                                                                          PLAINTIFF

V.                                           2:09CV00044 BSM/JTR

GREG HARMON, Warden,
East Arkansas Regional Unit, et al.                                              DEFENDANTS

**ORDER**

On August 24, 2009, the Court entered an Order explaining to Plaintiff that he must *mail* his discovery requests directly to the Attorney General's Office, and *not file* them with the Court. *See* docket entry #52. The Court also instructed the Clerk to refrain from filing any more discovery requests submitted by Plaintiff, unless they were attached to an appropriate motion or pleading. *Id.*

On August 31, 2009, Plaintiff filed a "Motion to Compel," alleging that he cannot comply with the Court's August 24, 2009 Order because the Varner Unit mailroom will not allow him to send any mail directly to the Attorney General's Office.[1] *See* docket entry #57. In support of that contention, Plaintiff has produced a March 11, 2009 Memorandum from the Varner Unit Business Manager, stating that *unspecified* "legal mail" addressed to the Attorney General's Office is being returned to Plaintiff. *Id.,* attachment. The Memorandum further explains that Plaintiff should mail the original and two copies of any "petitions and motions" directly to the Court. *Id.* Thereafter, the Court will file the original, return one copy to Plaintiff, and forward the second copy to the Attorney General's Office. *Id.*

---

[1] The Motion is more properly characterized as a Motion for Reconsideration of the August 24, 2009 Order.

Importantly, the Memorandum discusses the mailing of *petitions and motions*. It does *not* limit Plaintiff's ability to mail *discovery* directly to the Attorney General's Office. Furthermore, the Court notes that the Memorandum is dated March 11, 2009, which was approximately one month *before* Plaintiff commenced this action.

Thus, the Court finds no support for Plaintiff's allegation that he is unable to properly comply with the Court's August 24, 2009 Order. Finally, the Court emphasizes to Plaintiff that he must ascertain valid serve addresses for the remaining Defendants by mailing proper discovery requests (rather than Motions to Compel) directly to the Attorney General's Office.

IT IS THEREFORE ORDERED THAT Plaintiff's Motion to Compel (docket entry #57), which has been construed as a Motion for Reconsideration of the August 24, 2009 Order, is DENIED.

Dated this 14th day of September, 2009.

_____
UNITED STATES MAGISTRATE JUDGE