**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION**

DAVID WILLIAMS,
ADC #78730                                                                                          PLAINTIFF

V.                                    2:09CV00044 BSM/JTR

GREG HARMON, Warden,
East Arkansas Regional Unit, et al.                                                        DEFENDANTS

**PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

**INSTRUCTIONS**

The following recommended disposition has been sent to United States District Judge Brian S. Miller. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the United States District Judge, you must, at the same time that you file your written objections, include a "Statement of Necessity" that sets forth the following:

    1.      Why the record made before the Magistrate Judge is inadequate.

    2.      Why the evidence to be proffered at the requested hearing before the

        United States District Judge was not offered at the hearing before the Magistrate Judge.

3.     An offer of proof setting forth the details of any testimony or other evidence (including copies of any documents) desired to be introduced at the requested hearing before the United States District Judge.

From this submission, the United States District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

    Clerk, United States District Court
    Eastern District of Arkansas
    600 West Capitol Avenue, Suite A149
    Little Rock, AR 72201-3325

## I. Introduction

Plaintiff, David Williams, who is currently in prison at the Varner Unit of the Arkansas Department of Correction ("ADC"), has commenced this *pro se* action alleging that Defendants violated his constitutional rights while he was a prisoner in the East Arkansas Regional Unit ("EARU"). *See* docket entry #6. Defendants have filed a Motion for Summary Judgment, a Brief in Support, a Statement of Undisputed Facts, and a Reply. *See* docket entries #123, #124, #125, and #139. Plaintiff has filed a Response, two Statements of Disputed Facts, a Declaration, and a Sur-reply. *See* docket entries #134, #135, #136, #138, and #142.

Before discussing the merits of Defendants' Motion, the Court will summarize the relevant, uncontested facts:

1.     In 1981, Plaintiff was sentenced to life in prison for murdering three of his family members. *See Williams v. Bradley*; 5:05CV00010 BD (docket entry #213).

2.     In 1982, Plaintiff was sentenced to forty-years in prison for murdering one inmate

and stabbing a second inmate. *Id.*

3. Soon thereafter, Plaintiff was removed from general population and placed in administrative segregation, which is where he remains today. *See* docket entries #125 and #135. Plaintiff is searched and handcuffed whenever he is removed from his administrative segregation cell for yard call, visitation, shower call, or other reasons.[1] *Id.*

4. In 1999, Plaintiff began to complain that cuffing him behind his back was aggravating a preexisting injury to his right shoulder.[2] *Id.* As an accommodation, Plaintiff asked that he be cuffed in front of his body. *Id.* The ADC denied that request for security reasons, and, instead, attempted to alleviate Plaintiff's discomfort by allowing him to be cuffed from behind, using two sets of handcuffs (hereinafter referred to as "double cuffing"). *Id.*

5. On January 7, 2005, Plaintiff filed a *pro se* Complaint alleging, among other things, that while he was in prison at the Maximum Security Unit ("MSU") in 2002 and 2003, various ADC Defendants provided him with inadequate medical care when they double cuffed him from behind, instead of in front. *Williams v. Bradley*, 5:05CV00010 BD, docket entry #2.

6. On February 14, 2008, Plaintiff's appointed counsel in *Bradley* filed a Third Amended Complaint that expanded Plaintiff's case to also include inadequate medical care claims arising while he was incarcerated in the EARU in 2006. *Bradley*, docket entry #174. Specifically, Plaintiff alleged that: (a) on November 23, 2006, Defendant EARU Warden Greg Harmon ordered an unnamed guard to double cuff Plaintiff behind his back in violation of an alleged medical script

---

[1] For security reasons, the ADC's general practice is to cuff an inmate's hands behind his back. *See* docket entry #125.

[2] Plaintiff, who is fifty-three years old, claims that he injured his right rotator cuff and right pectoral muscle while playing football in high school. *See* docket entry #123, Ex. A at 11.

authorizing that Plaintiff be cuffed in the front; and (b) on December 19, 2006, a doctor wrote a script, without preforming a medical examination, providing that Plaintiff be double cuffed from behind, and not in front.[3] *Id.*

7. On July 29, 2008, the Court, in *Bradley*, entered an Order and Judgment granting Defendants' Motion for Summary Judgment and dismissing Plaintiff's inadequate medical care claims, with prejudice. *Bradley,* docket entry #213. In making that decision, the Court carefully reviewed Plaintiff's medical and institutional records from December 10, 1999 through June 6, 2007. *Id.* at 6-12. Specifically, the Court noted that, on June 6, 2007, Dr. John Lytle, who is a private orthopedic surgeon, determined that "handcuffing Plaintiff in back would put Plaintiff in a significant position of discomfort and that he should instead be cuffed in front." *Id.* at 10. However, the Court acknowledged that it was unclear whether Dr. Lytle's "assessment of the discomfort from back cuffing included the use of two sets of cuffs or just one." *Id.* The Court then concluded that, although Plaintiff "suffered discomfort from double cuffing in the back," he failed to establish that he had a serious medical need requiring that he be cuffed in front. *Id.* at 10.

8. On May 14, 2009, Plaintiff commenced this action alleging that, while he was confined in the EARU in 2006 and 2007, Defendants: (a) provided him with inadequate medical care by double cuffing him from behind, rather than in front; and (a) denied him yard call for 173 intermittent days. *See* docket entry #6

9. On November 18, 2009, the Eighth Circuit affirmed the Court's July 29, 2008 decision to dismiss all of Plaintiff's claims in *Bradley*, with prejudice. *See Williams v. Bradley*,

---

[3] In *Bradley*, the Court clarified that the Third Amended Complaint was "the operative legal document" setting forth Plaintiff's claims against the Defendants. *See Bradley,* docket entry #213 at 4, n. 4.

Case No. 08-3554, 2009 WL 3837250 (8th Cir. 2009) (unpublished opinion).

## II.  Discussion

A.     **Plaintiff's Handcuffing Claims**

In this action, Plaintiff seeks to reassert a claim that has now been fully adjudicated in *Bradley*, *i.e.,* on November 23, 2006, Defendant Harmon ordered an EARU guard to doubled cuff Plaintiff's hands behind his back in violation of a medical script providing that Plaintiff be cuffed in front to avoid injuring his shoulder.  *See* docket entry #6.  In *Bradley*, the district court squarely rejected this claim, on the merits, and that decision was affirmed by the Eighth Circuit.  The doctrine of res judicata now bars Plaintiff from relitigating that claim in this case.  *See Federated Dept. Stores, Inc. v. Moitie*, 452 U.S. 394, 398 (1981) (explaining that, pursuant to the doctrine of res judicata: "A final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action"); *Knutson v. Fargo,* 600 F.3d 992, 996 (8th Cir. 2010) (same).

Plaintiff also asserts that EARU guards violated his Eighth Amendment rights by double cuffing him from behind, rather than in front, on March 21, 2007 and April 19, 2007.  *See* docket entries #6 and #123, Ex. A at 16-18 and 29-31.  While Plaintiff did not raise those two specific incidents in the *Bradley* case, the trial court's July 29, 2008 decision concluded that, from December 10, 1999 until June 6, 2007, Plaintiff did *not* have a serious medical need that required him to be cuffed in front, and the Eighth Circuit later affirmed that ruling.  Plaintiff is now collaterally estopped from relitigating that legal issue in this case.  *See Knutson,* 600 F.3d at 996 (explaining that collateral estoppel, or issue preclusion, forecloses relitigation of issues of either fact or law in a second action based on a different claim, which were necessarily litigated and decided in the prior

action); *Ripplin Shoals Land Co. v. U.S. Army Corps of Engrs.*, 440 F.3d 1038, 1044 (8th Cir. 2006) (same)

Finally, in his Substituted Complaint, Plaintiff makes the conclusory allegation that Defendants improperly double cuffed him from behind until August 8, 2007. *See* docket entry #6. However, in his deposition, Plaintiff could not recall any specific incidents in which he was allegedly improperly handcuffed after April 19, 2007. *See* #123, Ex. A at 29-31. Furthermore, on June 22, 2007, Dr. Richard Clark, who works at the EARU issued a medical script which authorized Plaintiff to be cuffed in front "if appropriate for security." *See* docket entry #123, Ex. A-1. Importantly, that script was valid until September 19, 2007, which is approximately a month *after* the August 8, 2007 date mentioned in Plaintiff's Substituted Complaint. Accordingly, Defendants are entitled to summary judgment on all of Plaintiff's claims regarding the situations in which his hands were double cuffed behind his back.[4]

## B.  Plaintiff's Dislocated Shoulder Claim

Liberally construing Plaintiff's pleadings, it appears he is also claiming that Defendants failed to provide him with adequate medical care when they allegedly dislocated his right shoulder

---

[4] It is well settled that summary judgment should only be granted when the record, viewed in a light most favorable to the nonmoving party, shows that no genuine issue of material fact exists, and the moving party is entitled to judgment as a matter of law. *See* Fed. R .Civ. P. 56(c); *Celotex Corp. v. Catrett,* 477 U.S. 317, 322-23 (1986); *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 249-50 (1986). The moving party bears the initial burden of informing the court of its basis for the motion and identifying the parts of the record that show lack of a genuine issue. *Celotex,* 477 U.S. at 323. To defeat a motion for summary judgment, the nonmoving party must go beyond the pleadings and establish "by affidavits, or by the depositions, answers to interrogatories, and admissions on file" that specific facts show a genuine issue for trial exists. *See* Fed R. Civ. P. 56(c); *Celotex,* 477 U.S. at 324.

while double cuffing him from behind on November 23, 2006.[5] *See* docket entry #6. Although he has been given the opportunity to do so, Plaintiff has not come forward with any evidence to substantiate this claim. More importantly, in his grievance about the matter, Plaintiff *admitted* that, on November 24, 2006, *the day after the alleged dislocation*, he was allowed to see a nurse, and he reported to her that the pain and discomfort in his right shoulder "had subsided." *See* docket entry #2, Ex. 2 at 18.

Under these circumstances, the Court concludes that it does not appear that Plaintiff had an objectively serious medical need for treatment for the injury to his shoulder, and, even if he did, there is *no evidence* that Defendants failed to provide him with adequate medical care for that injury. *See Dulany v. Carnahan*, 132 F.3d 1234, 1239 (8th Cir. 1997) (explaining that to succeed on an inadequate medical care claim, a prisoner must prove that he had an objectively serious medical need, and that prison officials subjectively knew of, but deliberately disregarded, that serious medical need); *Gibson v. Weber*, 433 F.3d 642, 646-47 (8th Cir. 2006) (holding that, to avoid summary judgment, an inmate must place verifying medical evidence in the record to establish the detrimental effect of the alleged delay in medical treatment). Accordingly, Defendants are entitled to summary judgment on Plaintiff's claim that he received inadequate medical care for the shoulder injury he sustained on November 23, 2006.

## B.  Plaintiff's Constitutional Claim Arising From Him Being Denied Yard Call

Plaintiff asserts that Defendants subjected him to cruel and unusual punishment by denying him yard call on 173 days randomly scattered over eleven months (September 4, 2006 to August 2, 2007). *See* docket entry #6. Importantly, in his deposition, Plaintiff *admitted* that: (1) while he had

---

[5] Neither party has addressed this claim in their summary judgment papers. Nevertheless, the Court will briefly address this conclusory allegation as a separate inadequate medical care claim.

the opportunity to do so, he did not go to yard call on the majority of those days because he did not want to be double cuffed from behind; and (2) on the remaining days, he was not allowed to go to yard call due to inclement weather, which he acknowledged was a *legitimate reason* for cancelling yard call. *See* docket entry #123, Ex. A at 33-37.

As previously noted, Plaintiff has failed to demonstrate that he had a serious medical need requiring that he be cuffed in front. Thus, on <u>all</u> of the days in question, Plaintiff was given the opportunity to have yard call but voluntarily elected not to go. These undisputed facts simply do not support a constitutional claim under the Eighth Amendment. Accordingly, Defendants are entitled to summary judgment on this claim.

### III. Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1. Defendants' Motion for Summary Judgment (docket entry #123) be GRANTED, and that this case be DISMISSED, WITH PREJUDICE.

2. The Court CERTIFY, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any Order and Judgment adopting this Recommended Disposition would not be taken in good faith.

Dated this <u>28th</u> day of September, 2010.

_____
UNITED STATES MAGISTRATE JUDGE